HARLENE GREWAL, in pro se
2583 Monte Lindo Court
San Jose, CA 95121
(408) 406-7770
grewalharlene@gmail.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HARLENE GREWAL,<br><br>    Plaintiff,<br><br>  v.<br><br>CITY OF PALO ALTO, a municipal corporation; PALO ALTO POLICE DEPARTMENT, an entity of unknown form, OFR. NICK ENBERG, in his individual and official capacities; OFR. IAN JOHNSON, in his individual and official capacities, OFR. HEATHER SOUZA, in her individual and official capacities; OFR. JASON SOLIS, in his individual and official capacities; Palo Alto PD MAV CUSTODIAN BRIANN FURTADO, in his individual and official capacities<br>official capacities; The Patio @ Rudy's, LLC DOES 1-10<br><br>    Defendants. | Case No. 5:23-cv-00802-SVK<br><br>**PLAINTIFF'S AMENDED COMPLAINT**<br><br>Trial Date: October 7, 2024<br><br>Hon. Mag. Judge Susan van Keulen |

## I. INTRODUCTION

1. On October 16, 2021, the defendant officers used excessive force when they grabbed and attempted to handcuff plaintiff Harlene Grewal ("Grewal") without warning. Defendant Officer Nick Enberg ("Enberg"), failed to announce his intent to arrest Grewal before suddenly grabbing Grewal without giving any instructions. Moreover, because Ofr. Enberg had

just announced mere moments before that the plaintiff was only being detained (and not arrested) she was understandably confused and naturally began to ask for an explanation as to why she was suddenly being grabbed. Shortly after Enberg forcefully struck plaintiff Grewal in the back of the knee as a form of punishment. The strike to the knee tore Grewal's anterior crucial ligament completely and caused a partial meniscus tear, as well as causing her severe emotional and mental harm. In addition, Enberg and Johnson forcefully pinned plaintiff against her car, resulting in bruising to her shoulder, chest, hips, arms, and knees. A bouncer employed by the Patio @ Rudy's then, without any justification or police request, aggressively seized Grewal by the neck with such force that it caused her injury, for which she was referred to physical therapy. The officers failed to stop his assault on the plaintiff, who was in their custody. Defendant Officers, then, applied handcuffs on Grewal so tightly that she suffered swelling, bruising, and ring marks to her wrists, as well as excruciating pain. Moreover, despite Grewal's wrists swelling to the extent that it necessitated icing, she was kept handcuffed during the application of ice, and her complaints of pain persisted throughout the night without any further action on the part of the Defendant Officers. She continues to suffer from these injuries to this very day.

## II. JURISDICTION AND VENUE

2. Plaintiff brings this action to redress the deprivation of constitutional rights secured to her, and others, by the Fourth Amendment to the United States Constitution, 42 U.S.C. § 1983, and Article I, Section 7 of the California Constitution. This action also seeks to redress the deprivation of plaintiff's statutory rights and common law torts under State law.

3. This Court has subject matter jurisdiction over this matter pursuant to Article VI, Section 10 of the California Constitution, Cal. Code of Civil Procedure § 88; Cal. Civil Code § 52.1; 28 U.S.C. §§ 1331 and 1343; and 42 U.S.C. §§ 1983, 1985, 1986 and 1988. This court has concurrent jurisdiction over the federal causes of action. (*Williams v. Horvath* (1976) 16 Cal.3d

834, 837.)

4. On April 15, 2022, plaintiff Grewal filed an administrative claim with the City of Palo Alto, in compliance with California Government Code Sections 910 *et seq.* That claim was rejected by the City on May 24, 2022. This complaint was filed on November 22, 2022.

5. Venue is proper in this judicial district because the events giving rise to the complaint occurred in the County of Santa Clara, which is in this judicial district. (See Code of Civil Procedure, §§ 392, 394 & 395).

### III. THE PARTIES

**A. Plaintiffs**

6. Plaintiff HARLENE GREWAL was a resident of the City of San Jose at all relevant times. She was in the City of Palo Alto at the time of the incident.

**B. Defendants**

7. Defendant CITY OF PALO ALTO is, and at all times mentioned herein was, a municipal corporation within the State of California.

8. Defendant PALO ALTO POLICE DEPARTMENT is, and at all times mentioned herein was, an entity of unknown form within the State of California.

9. Defendant OFR. NICK ENBERG is, and at all times mentioned herein was, an officer with the Palo Alto Police Department. He is sued in his individual and official capacities.

10. Defendant OFR. IAN JOHNSON is, and at all times mentioned herein was, an officer with the Palo Alto Police Department. He is sued in his individual and official capacities.

11. Defendant OFR. HEATHER SOUZA is, and at all times mentioned herein was, an officer with the Palo Alto Police Department. She is sued in her individual and official capacities.

12. Defendant OFR. JASON SOLIS is, and at all times mentioned herein was, an officer

with the Palo Alto Police Department. He is sued in his individual and official capacities.

13. Defendant BRIAN FURTADO is, and at all times mentioned herein was, an MAV custodian with the Palo Alto Police Department. He is sued in his individual and official capacities.

14. Defendant The Patio @ Rudy's is, and at all times mentioned herein was a limited liability company (LLC).

15. Plaintiff is ignorant of the true names of defendants sued herein as DOES 1 through 15, inclusive, and therefore sue said defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and therefore alleges that each of the Doe defendants is legally responsible and liable for the injuries and damages hereinafter set forth, and that each of the said defendants proximately caused said injuries and damages by reason of their violation of constitutional and legal rights.

16. Each of the defendants caused and is responsible for the below-described unlawful conduct and resulting injuries by, among other things: personally participating in the unlawful conduct or acting jointly or conspiring with others who did so by authorizing, acquiescing or setting in motion policies, plans or actions that led to the unlawful conduct; by failing to take action to prevent the unlawful conduct; and by ratifying the unlawful conduct that occurred by agents and officers under their discretion and control, including failing to take remedial steps or disciplinary action. In doing the acts alleged herein, defendants and each of them had a duty to protect the health and safety of the Plaintiff, and they failed to exercise due care in the enforcement of that duty.

17. In doing the acts alleged herein, Defendants and each of them acted as the agent, servant, employee, partner, joint-venturer, co-conspirator and/or in concert with each of said other

defendants; and in engaging in the conduct hereinafter alleged, were acting with the permission, knowledge, consent and ratification of their co-defendants, and each of them.

18. In engaging in the conduct described herein, the defendant officers acted under color of law and in the course and scope of their employment with the City of Palo Alto. In engaging in the conduct described herein, Defendants exceeded the authority vested in them as police officers under the United States and California Constitutions and as police officers employed by Defendant City.

19. Defendants' acts were willful, wanton, malicious and oppressive and done with conscious disregard and deliberate indifference to plaintiffs' rights, thereby justifying the award of exemplary and punitive damages.

### IV. FACTS APPLICABLE TO ALL CAUSES OF ACTION

20. On October 16, 2021, plaintiff Grewal, two of her friends, and cousin went to a music venue in Palo Alto.

21. After exiting the music venue, the defendant officers arrived at Grewal's car and ordered her to provide identification and requested emergency medical attention for Grewal's cousin who later was discovered to suffer from a concussion. As Grewal was attempting to speak with EMTs, defendant officer Enberg grabbed her from behind without telling her why or giving her any instructions.

22. Soon thereafter, defendant officer Enberg forcefully slammed and pinned her against her vehicle while he called defendant officer Johnson over to assist in the unlawful arrest and both defendant officers grabbed Grewal and started to handcuff her, again without giving her any instructions.

23. At, or around, that point, defendant officer Enberg struck Grewal in the back of her knee at least one or more times, which tore her ACL and meniscus, requiring her to have surgery

and undergo six months of physical therapy.

24. In addition, defendant officers Enberg and Johnson applied handcuffs on Grewal so tightly that she suffered injuries to both of her wrists and arms.

25. An unidentified bouncer, employed by The Patio @ Rudy's, LLC, took unwarranted action in the arrest of Grewal, assaulting her during handcuffing without any verbal request from the officers. In a disturbing display, he forcefully seized Grewal by the neck, compelling her head, neck, shoulder, and chest downward with such intensity that it impeded her breathing, resulted in severe bruising to her shoulder and chest, and necessitated her referral to physical therapy.

26. The application of Grewal's handcuffs was excessively tight, causing swelling, bruising, and distinct ring marks on her wrists, accompanied by excruciating pain. Despite continuous complaints about the discomfort/pain, the defendant officers failed to remove or adjust the handcuffs.

27. Grewal's physician the following day recommended elevation, rest, and ice due to the overly tight restraints, which lead her to suffer from burning wrist pain for many months.

28. To this day, Grewal suffers chronic pain, reduced mobility, and emotional damage.

29. The police department pursued §PC 69 charges against Grewal; however, the District Attorney dismissed these charges before her criminal case's initial hearing and well before any plea deal discussions took place.

30. Nonetheless, between October 16th and December 17th, 2021, Grewal experienced severe depression and mental distress due to the felony §PC69 charge, fearing its potential impact on her reputation and future career opportunities. Officers Johnson and Enberg resorted to lying in their police reports, falsely portraying Grewal as violent, despite the absence of any body camera footage supporting such claims. This deception aimed to conceal their own misconduct

and rationalize the unjustifiable harm inflicted on Grewal during this period.

31. Moreover, Brian Furtado, the PAPD MAV Custodian, provided misleading information to the District Attorney, falsely indicating that Officers Enberg and Souza lacked both body camera (BWC) and dash camera footage capturing the arrest and the events leading up to it. The PAPD was given two opportunities to handover this video yet lied about its existence. There would be no reason for the PAPD to withhold such video unless due to consciousness of guilt and covering up misconduct. Furthermore, to do this day dash camera footage is unaccounted from Officer Souza's cruiser, which arrived on scene and would have shown the arrest scene from a panoramic side angle.

32. The non-disclosure of this specific BWC until October 13th, 2023(nearly two years after the event) caused significant mental anguish and emotional distress for Grewal and her family, as it deprived her of closure regarding the night's event and what led up to her life-changing injuries.

33. Furthermore, Grewal was unable to employ vital evidence contained in the withheld video during her criminal proceedings. This omission is particularly significant, as the video would have served as impeaching evidence by demonstrating fabrications in the police report and illuminating the unjustified use of force. In addition, the video could be considered exculpatory, as the content could exonerate Grewal from PC §148 charges, which were only dismissed as part of a plea deal. If Grewal had access to these videos, she could have negotiated a more favorable plea bargain rather than simply having charges dismissed that the missing video would prove to be unwarranted.

## V. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**Violation of Plaintiff's Fourth Amendment Rights (42 U.S.C. §§ 1983)**

## Excessive Force

**(Against City of Palo Alto, Palo Alto Police Department, Ofr. Nick Enberg, Ofr. Ian Johnson, Ofr. Jason Solis, Ofr. Heather Souza, The Patio @Rudy's Bouncer)**

34. Plaintiff realleges and incorporates by reference paragraphs 1 through 33 of this Complaint as though fully alleged herein.

35. Defendants used excessive force in their detention of plaintiff Grewal.

36. Defendants did the aforesaid acts under color of law, purportedly in performing their official duties.

37. As a direct and proximate result of defendants' illegal conduct, plaintiff suffered actual injuries and damages.

## SECOND CAUSE OF ACTION

**Violation of Plaintiff's Fourth Amendment Rights (42 U.S.C. §§ 1983) --**

**Unreasonable Seizure**

**(Against All Defendants)**

38. Plaintiff realleges and incorporates by reference paragraphs 1 through 37 of this Complaint as though fully alleged herein.

39. Defendants' seizure of plaintiff was unconstitutional under the Fourth Amendment to the United States Constitution, as described below.

40. The defendant officers unreasonably detained plaintiff without reasonable suspicion that either plaintiff had committed a crime or posed a threat.

41. As a direct and proximate result of defendants' illegal conduct, plaintiff suffered actual injuries and damages.

## THIRD CAUSE OF ACTION

**Violation of California Constitution, article 1, § 7, subdivision (a)**

**(Against City of Palo Alto, Palo Alto Police Department, Ofr. Nick Enberg, Ofr. Ian Johnson, Ofr. Jason Solis, Ofr. Heather Souza, The Patio @Rudy's Bouncer)**

42. Plaintiff realleges and incorporates by reference paragraphs 1 through 41 of this complaint as though fully set forth herein.

43. Article 1, section 7, subdivision (a) of the California Constitution prohibits unreasonable searches and seizures, as well as the use of excessive force, in detaining persons.

44. By seizing plaintiff without probable cause and executing the arrest in the excessive and unlawful manner, defendants violated article 1, section 7 of the California Constitution.

45. As a direct and proximate result of defendants' illegal conduct, plaintiff suffered actual injuries and damages.

### THIRD CAUSE OF ACTION

**Violation of California Civil Code § 52.1**

**(Against City of Palo Alto, Palo Alto Police Department, Ofr. Nick Enberg, Ofr. Ian Johnson, Ofr. Jason Solis, Ofr. Heather Souza, The Patio @Rudy's Bouncer)**

46. Plaintiff realleges and incorporates by reference paragraphs 1 through 45 of this complaint as though fully set forth herein.

47. Article 1, section 7, subdivision (a) of the California Constitution prohibits unreasonable searches and seizures, as well as the use of excessive force, in executing search warrants. So, too, do the Fourth and Fourteenth Amendments to the United States Constitution.

48. By performing the detention and arrest described above, preceded by threats, intimidation, coercion, and an illegal detention/arrest, defendants interfered with, and attempted

to interfere by threats, intimidation, and coercion with plaintiffs' peaceable enjoyment of the rights secured to them by the federal and state constitutions, in violation of the Bane Civil Rights Act, Cal. Civil Code section 52.1.

49. As a direct and proximate result of defendants' illegal conduct, plaintiffs suffered actual injuries and damages.

## FOURTH CAUSE OF ACTION

## BATTERY

**(Against City of Palo Alto, Palo Alto Police Department, Ofr. Nick Enberg, Ofr. Ian Johnson, Ofr. Jason Solis, Ofr. Heather Souza, The Patio @Rudy's Bouncer)**

50. Plaintiff realleges and incorporates by reference paragraphs 1 through 44 of this Complaint as though fully alleged herein.

51. The defendants touched, caused to be touched, or threatened to touch plaintiff with the intent to harm or offend them.

52. The plaintiff did not consent to the touching.

53. As a direct and proximate result of the said wrongful conduct and/or omissions of defendants, plaintiffs suffered actual injuries and damages.

## FIFTH CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

**(Against All Defendants)**

54. Plaintiff realleges and incorporates by reference paragraphs 1 through 53 of this Complaint as though fully alleged herein.

55. Defendants' conduct, as described above, was extreme and outrageous with the intention of causing, or recklessly disregarding, the probability of causing plaintiff emotional distress.

56. Plaintiff suffered severe or extreme emotional distress.

57. As a direct and proximate result of the said wrongful conduct and/or omissions of defendants, plaintiff suffered actual injuries and damages.

58. Under Government Code § 820(a), the individual officer defendants are liable for their own misconduct.

59. Under Government Code § 815.2(a), the public entity is vicariously liable for conduct performed by the individuals within the scope and course of their employment.

### SIXTH CAUSE OF ACTION

### FALSE IMPRISONMENT

**(Against City of Palo Alto, Palo Alto Police Department, Ofr. Nick Enberg, Ofr. Ian Johnson, Ofr. Jason Solis, Ofr. Heather Souza, The Patio @Rudy's Bouncer)**

60. Plaintiff realleges and incorporates by reference paragraphs 1 through 59 of this Complaint as though fully alleged herein.

61. The detention of plaintiff compelled plaintiff to stay or go somewhere for some appreciable time.

62. Plaintiff did not voluntarily consent to the detention.

63. Plaintiff was actually harmed by the false imprisonment.

64. Defendants' conduct was a substantial factor in causing plaintiff's harm.

65. Under Government Code § 820(a), the individual officer defendants are liable for their own misconduct.

66. Under Government Code § 815.2(a), the public entity is vicariously liable for conduct performed by the individual officers within the scope and course of their employment.

### SEVENTH CAUSE OF ACTION

### FALSE ARREST

**(Against City of Palo Alto, Palo Alto Police Department, Ofr. Nick Enberg)**

67. Plaintiff realleges and incorporates by reference paragraphs 1 through 66 of this Complaint as though fully alleged herein.

68. The defendants arrested plaintiff without a warrant.

69. Plaintiff was actually harmed by the false arrest.

70. Defendants' conduct was a substantial factor in causing plaintiff harm.

71. Under Government Code § 820(a), the individual officer defendants are liable for their own misconduct.

72. Under Government Code § 815.2(a), the public entity is vicariously liable for conduct performed by the individual officers within the scope and course of their employment.

## EIGHTH CAUSE OF ACTION

## BRADY SUPPRESSION

**(Against City of Palo Alto, Palo Alto Police Department, MAV Custodian Brian Furtado,)**

73. Plaintiff realleges and incorporates by reference paragraphs 1 through 72 of this Complaint as though fully alleged herein.

74. The defendants withheld exculpatory and impeaching evidence from the district attorney and plaintiff's criminal defense attorney when first requested in December 2021 and a second time when requested in January 2022.

75. Plaintiff was harmed by the brady suppression and her right to due process.

76. Defendants' conduct was a substantial factor in causing plaintiff harm.

77. Under Government Code § 820(a), the individual defendants are liable for their own misconduct.

78. Under Government Code § 815.2(a), the public entity is vicariously liable for conduct performed by the individual officers within the scope and course of their employment.

## V. RELIEF SOUGHT

WHEREFORE, plaintiff, on behalf of themselves and others similarly situated, seek the following relief:

1. A declaration that the defendants' actions are unlawful and unconstitutional;

2. Compensatory damages, plus punitive damages against the individual defendants, according to proof;

3. Costs and court/attorney's fees incurred in this action; and

4. Such other and further relief as this Court may deem just and proper.

DATED: January 9, 2024

*Harlene Kaur Grewal*

PLAINTIFF
*HARLENE GREWAL, Pro Se*

**VERIFICATION (C.C.P. Section 446)**

I, HARLENE GREWAL, declare as follows:

I am the plaintiff in this action and have read the foregoing complaint and know the contents thereof.

The same is true of my own knowledge, except for those matters stated on information and belief, and, as to those matters, believe them to be true.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 9th day of January, 2024 in San Jose, California.


Dated: <u>January 9, 2024</u>                                   *Harlene Kaur Grewal*
                                                                             PLAINTIFF
                                                                  *HARLENE GREWAL, Pro Se*