UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARLENE KAUR GREWAL,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF PALO ALTO, et al.,<br><br>Defendants. | Case No. 5:23-cv-00802-PCP<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 69 |

Pro se plaintiff Harlene Grewal brings claims against Rodora Amat and Candelaria Venegas for allegedly denying her adequate medical care while she was in the custody of Santa County Clara Jail, where Amat and Venegas are employed as a nurse and sheriff's deputy, respectively. Amat and Venegas move to dismiss for failure to state a claim pursuant to Rule 12(b)(6). For the following reasons, the Court grants the motion to dismiss.

## BACKGROUND

Early in the morning of October 16, 2021, Grewal was arrested after leaving the Patio @ Rudy's, a restaurant and music venue. Grewal alleges that she suffered several injuries during the arrest as a result of the arresting officers' excessive roughness, including a torn ACL and meniscus, bruising to several areas of her body, a shoulder injury, and injuries to her wrist and hand.[1]

After her arrest, Grewal was transported to the Santa Clara County Jail where she was medically screened by Amat prior to booking. Grewal alleges that she told Amat about her knee and wrist pain and that her knee was visibly red and swollen. Amat offered her no medical treatment.

---

[1] For purposes of Amat and Venegas's Rule 12(b)(6) motion the Court must assume the truth of the allegations in Grewal's complaint.

While in custody, Grewal's pain continued to worsen, and she asked Venegas to see the nurse again. Despite obvious signs of distress, Grewal was provided no further medical attention.

Grewal first filed a claim with the County of Santa Clara on March 4, 2022. That claim was rejected on April 11, 2022. Grewal then filed this lawsuit on November 23, 2022. She initially brought claims against the City of Palo Alto, the Palo Alto Police Department, the two officers involved in her arrest, and Doe defendants 1–10. At that time, Grewal's claims were limited to the officers' alleged misconduct during the arrest. She did not assert any causes of action related to the alleged denial of medical treatment at the Santa Clara County Jail.

Grewal filed a first amended complaint on February 13, 2024, asserting claims against Santa Clara County for the first time based on Amat and Venegas's alleged misconduct at the jail. Two weeks later, Grewal and Santa Clara County met and conferred and they jointly stipulated to dismiss Santa Clara County from this action.

On July 28, 2024, Grewal sought leave to file a second amended complaint, which the Court granted, deeming that second amended complaint filed as of September 4, 2024. In the second amended complaint, Grewal added Amat and Venegas as defendants. She asserts two causes of action against them: (1) medical negligence in violation of the Fourteenth Amendment and (2) intentional infliction of emotional distress.

Amat and Venegas now move to dismiss the second amended complaint for failure to state a claim.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include a "short and plain statement of the claim showing that the pleader is entitled to relief." If the complaint fails to state a claim, the defendant may move for dismissal under Federal Rule of Civil Procedure 12(b)(6). Dismissal is required if the plaintiff fails to allege facts allowing the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule

1  12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible
2  on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

3   In considering a Rule 12(b)(6) motion, the Court must "accept all factual allegations in the
4  complaint as true and construe the pleadings in the light most favorable" to the non-moving
5  party. *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1029–30 (9th Cir. 2009). While legal
6  conclusions "can provide the [complaint's] framework," the Court will not assume they are correct
7  unless adequately "supported by factual allegations." *Iqbal*, 556 U.S. at 679. Courts do not "accept
8  as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable
9  inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell
10 v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

**ANALYSIS**

**I. Medical negligence claim**

Grewal brings a claim against Amat and Venegas for medical negligence in violation of the Fourteenth Amendment, pursuant to 42 U.S.C. § 1983. Amat and Venegas contend that the statute of limitations has expired and the claim is time-barred.

State law governs the statute of limitations for section 1983 claims. *Butler v. National Community Renaissance of California*, 766 F.3d 1191, 1198 (9th Cir. 2014). In California, the statute of limitations for section 1983 claims is two years. *Id.* Grewal's claim arises from events that took place on October 16, 2021. The statute of limitations thus expired October 16, 2023.

Grewal filed her original complaint on November 23, 2022. She first added claims related to medical treatment at the jail in her first amended complaint, which was filed February 13, 2024. She first brought claims against Amat and Venegas in her second amended complaint, which she attempted to file July 28, 2024 and which was deemed filed September 4, 2024. Both the first amended complaint and second amended complaint were filed after the statute of limitations on Grewal's claims against Amat and Venegas had expired.

The parties agree that Grewal's section 1983 claims against Amat and Venegas were brought after the statute of limitations had expired. Grewal contends, however, that her claims against Amat and Venegas are nonetheless timely because they relate back to the timely filed

3

original complaint. Federal Rule of Civil Procedure 15(c)(1) permits the relation back of section 1983 claims to the original pleading if either the federal or state law standard for relation back is met. *Butler*, 766 F.3d at 1201.

### A.     Federal standard

Under Rule 15(c)(1)(C), an amended pleading relates back to an original pleading if the following conditions are met: "(1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it." *Butler*, 766 F.3d at 1202 (cleaned up). The second and third requirements must have been met within 90 days of the filing of the original pleading. *James v. Sabella*, No. 22-cv-05939, 2024 WL 2969964, at *2 & n.3 (N.D. Cal., June 11, 2024).

In determining whether a claim arises out of the same conduct set forth in another pleading, courts look to whether the facts "differ in both time and type," *Lee v. Thornell*, 104 F.4th 120, 140 (9th Cir. 2024), as well as whether the new claim "will likely be proved by the same kind of evidence offered in support of the original pleading," *In re Dominguez*, 51 F.3d 1502, 1510 (9th Cir. 1995) (cleaned up). Generally, new claims arise out of the same conduct set forth in earlier pleadings where the two claims are based on the same core of operative facts and differ only in the legal theory applied to those common facts. *See, e.g.*, *Santana v. Holiday Inns, Inc.*, 686 F.2d 736 (9th Cir. 1982); *Hernandez v. Warden, Salinas Valley State Prison*, No. 1:11-CV-00231-LJO, 2012 WL 2254984 (E.D. Cal. June 15, 2012), *report and recommendation adopted sub nom. Hernandez v. Warden*, No. 1:11-CV-00231-LJO, 2012 WL 4833525 (E.D. Cal. Oct. 10, 2012); *see also Williams v. Boeing Co.*, 517 F.3d 1120, 1133 (9th Cir. 2008) (holding that a new claim did not relate back to an earlier claim where the plaintiff "had to include additional facts to support the [new] claim," and "different statistical evidence and witnesses would be used to prove" the claims).

The claims in Grewal's original complaint all arose out of the Palo Alto police officers' alleged use of excessive force while arresting Grewal early in the morning on October 16, 2021.

4

The operative facts included Grewal's departure from a music venue, her questioning by Officer Enberg, the use of force against her by Officers Enberg and Johnson, and the application of excessively tight handcuffs to her wrists.

The claims that Grewal introduced against Amat and Venegas in her second amended complaint arise out of the events that followed the incident described in the original complaint. After she was handcuffed, Grewal was arrested and transported first to the Palo Alto Police Department jail and then to the Santa Clara County jail, where Amat and Venegas allegedly denied her appropriate medical attention.

There is no question that Grewal's claims against Amat and Venegas concern conduct that was related to the conduct described in the original complaint. The alleged denial of medical treatment at the jail occurred immediately after Grewal's arrest, and but for the arresting officers' alleged excessive use of force, Grewal would not have needed medical attention at the jail. On this basis, Grewal contends that her arrest and the denial of medical treatment were "part of a continuous occurrence, and … born of the same incident and injury." Dkt. No. 70, at 9.

Grewal's argument fails because the conduct set forth in the original and second amended complaints is not the same. Grewal does not offer two different legal theories concerning the same events; she offers different legal theories concerning different, though related, events. The operative facts mostly differ in time and type, despite some overlap, and proving the claims would require substantially different evidence. Accordingly, the claims against Amat and Venegas do not meet the Rule 15(c)(1)(C) standard for relation back to the original complaint. Fed. R. Civ. P. 15(c)(1)(C).

### B. California standard

California law does not permit "the addition of a party for the first time whom the plaintiff failed to name in the first instance" unless the amendment "does not add a 'new' defendant, but simply corrects a misnomer by which an 'old' defendant was sued." *Butler*, 766 F.3d at 1201.

Grewal asserts that her second amended complaint, which names Amat and Venegas as defendants for the first time, does not add new defendants but merely corrects the name by which old defendants were sued. She contends that Amat and Venegas were included among the Doe

5

1   defendants included in her original complaint. Grewal explains that "the only reason the nurse and
2   deputy were not listed by name in the original complaint was because the plaintiff was unable to
3   obtain their names due to the county's refusal to cooperate and provide their names." Dkt. No. 70,
4   at 10.

This argument fails because the original complaint did not describe any conduct that occurred at the Santa Clara County Jail. Amat and Venegas thus could not have been among the Doe defendants included in that complaint. The second amended complaint therefore cannot be construed to merely substitute the correct names of previous Doe defendants.

*** 

As neither the federal nor state standard for relation back is met here, Grewal's claim against Amat and Venegas for medical negligence pursuant to section 1983 does not relate back to her original complaint and is time-barred.

## II. Intentional infliction of emotional distress claim

Grewal also brings a claim against Amat and Venegas for intentional infliction of emotional distress.[2] Amat and Venegas contend that this claim is time-barred under the California Government Claims Act. Cal. Gov. Code § 810 *et seq*.

Under the California Government Claims Act, a claim against a public entity or its employees must first be filed with the public entity. Cal. Gov. Code, §§ 905, 950; *Watson v. State of California*, 21 Cal. App. 4th 836, 843 (1993) ("It is well settled that a government claim must be filed with the public entity before a tort action is brought against the public entity or public employee."). If that claim is filed and rejected, an individual has six months from the date that the rejection is mailed to file a lawsuit. Cal. Gov. Code, § 945.6. Compliance with or excusal from the filing requirement is an element of the plaintiff's cause of action, so if a complaint fails to plead compliance or excusal it is subject to dismissal for failure to state a claim. *State of California v. Superior Court*, 32 Cal.4th 1234, 1243 (2004).

---

[2] Although Grewal seems to believe her intentional infliction of emotional distress claim is a federal claim under section 1983, it is a state law tort claim.

6

1    Grewal filed a complaint with County of Santa Clara on March 4, 2022.[3] That claim was

2 rejected on April 11, 2022. Grewal was thus required to file any lawsuit by October 11, 2022. She

3 did not file her original complaint until November 23, 2022 and she did not add Amat and

4 Venegas as defendants until her second amended complaint, filed on July 28, 2024. Grewal has

5 not pleaded any basis for being excused from the filing requirement or the six-month deadline for

6 pursuing a lawsuit thereafter.

7    Accordingly, Grewal's claim for intentional infliction of emotional distress is time-barred.

## CONCLUSION

For the foregoing reasons, the Court grants Amat and Venegas's motion to dismiss. Dismissal is without leave to amend because the Court has already given Grewal an opportunity to amend the allegations in her complaint and further amendment would almost certainly be futile. *See Lewis v. DiPonzio*, 529 F. App'x 855, 856 (9th Cir. 2013).

**IT IS SO ORDERED.**

Dated: March 4, 2025

P. Casey Pitts
United States District Judge

---

[3] The Court grants defendants' request that it take judicial notice of the date of Grewal's claim and its rejection by Santa Clara County. Generally, "courts may not consider material outside the pleadings when assessing the sufficiency of a complaint." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). But Federal Rule of Evidence 201 permits judicial notice of "a fact that is not subject to reasonable dispute" because the fact is "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. A court may take notice of "undisputed matters of public record" *Lee v. City of L.A.*, 250 F.3d 668, 690 (9th Cir. 2001). "Courts routinely conclude that … government claims [pursuant to the California Government Claims Act] are proper subjects of judicial notice." *Ahmed v. County of Santa Clara*, No. 20-cv-05498, 2021 WL 2139098, at *3 (N.D. Cal., May 26, 2021).