UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARLENE KAUR GREWAL,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF PALO ALTO, et al.,<br><br>Defendants. | Case No. 5:23-cv-00802-PCP<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 77 |

Pro se plaintiff Harlene Grewal brings claims against the Patio @ Rudy's ("the Patio") for injuries she allegedly sustained as a result of force used against her by a bouncer employed by the Patio. The Patio moves to dismiss for failure to state a claim pursuant to Rule 12(b)(6). For the following reasons, the Court grants the motion to dismiss.

## BACKGROUND

Early in the morning of October 16, 2021, Grewal was arrested after leaving the Patio, a restaurant and music venue. Grewal alleges that the arresting officers forcefully pinned her against her car and struck her in the back of her knee.[1] Unprompted, a bouncer employed by the Patio seized Grewal's neck, injuring her. During the arrest, Grewal sustained several injuries, including a torn ACL and meniscus, bruising to several areas of her body, a shoulder injury, and injuries to her wrist and hand.

Grewal filed this lawsuit on November 23, 2022. She initially brought claims against the City of Palo Alto, the Palo Alto Police Department, the two officers involved in her arrest, and Doe defendants 1–10. Grewal filed a first amended complaint on February 13, 2024, naming the Patio as a defendant for the first time. On July 28, 2024, Grewal sought leave to file a second

---

[1] For purposes of the Patio's Rule 12(b)(6) motion the Court must assume the truth of the allegations in Grewal's complaint.

1 amended complaint, which the Court granted, deeming that second amended complaint filed as of

2 September 4, 2024.

3       In that operative complaint, Grewal asserts causes of action against the Patio for: (1)

4 excessive force in violation of the Fourth Amendment; (2) unreasonable seizure in violation of the

5 Fourth Amendment; (3) battery; and (4) intentional infliction of emotional distress.

6       The Patio now moves to dismiss the second amended complaint for failure to state a claim.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include a "short and plain statement of the claim showing that the pleader is entitled to relief." If the complaint fails to state a claim, the defendant may move for dismissal under Federal Rule of Civil Procedure 12(b)(6). Dismissal is required if the plaintiff fails to allege facts allowing the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In considering a Rule 12(b)(6) motion, the Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable" to the non-moving party. *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1029–30 (9th Cir. 2009). While legal conclusions "can provide the [complaint's] framework," the Court will not assume they are correct unless adequately "supported by factual allegations." *Iqbal*, 556 U.S. at 679. Courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

## ANALYSIS

The Patio contends that Grewal's claims against it should be dismissed because the statute of limitations has expired and the claims are time-barred. Grewal concedes that the statute of

limitations has passed and she waives any argument that the second or first amended complaints relate back to the timely filed original complaint. *See* Dkt. No. 79, at 5 ("The plaintiff is not invoking the Relation Back Doctrine."). Instead, Grewal argues that equitable tolling should apply.

California's equitable tolling law applies to Grewal's state law claims as well as her federal claims. "For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling." *Jones v. Blanas*, 393 F.3d 918 (9th Cir. 2004).

"Where the running of the statute of limitations appears on the face of a complaint, a plaintiff must allege facts to support a plausible claim that the equitable tolling doctrine applies in order to survive a motion to dismiss brought under [Rule] 12(b)(6)." *Singer by Singer v. Paul Revere Life Ins. Co.*, No. CV-1408700, 2015 WL 12746203 (C.D. Cal. Mar. 24, 2015) (alterations in original). "Equitable tolling is a judicially created, nonstatutory doctrine that suspends or extends a statute of limitations as necessary to ensure fundamental practicality and fairness." *Saint Francis Mem'l Hosp. v. State Dep't of Pub. Health*, 9 Cal. 5th 710, 719 (2020) (cleaned up). In California, there are three requirements for equitable tolling to apply: (1) timely notice to the defendant, (2) lack of prejudice to the defendant, and (3) reasonable and good faith conduct by the plaintiff. *Id.* at 725–26.

Timely notice requires that the defendant be notified of the plaintiff's claims and intent to litigate within the statute of limitations. Grewal argues that the Patio had such notice. Her theory is that the Patio must have known Grewal intended to litigate because she called the restaurant seeking video footage of the arrest and the Patio "seems to have a very close relationship with the Officers involved in the occurrence, [so] it's reasonable to assume" the Patio would have learned of Grewal's claims against the Palo Alto Police Department from those officers. Dkt. No. 79, at 10. Grewal alleges that the Patio would have known of its bouncer's involvement in the arrest because of that close relationship and that it "was aware that if the plaintiff knew about their bouncer's involvement, they would be a party to the complaint." *Id.*

Generally, equitable tolling "applies where the plaintiff pursues an alternative remedy

3

*against* the defendant in the second suit," as when a federal lawsuit tolls the filing of a lawsuit in state court on the same claims against the same defendants. *Apple Valley Unified Sch. Dist. v. Vavrinek, Trine, Day & Co.*, 98 Cal. App. 4th 934, 954 (2002) (emphasis in original). In that case, the first lawsuit gives defendants sufficient notice of the plaintiff's intent to litigate. Equitable tolling does not usually apply when the first proceeding (in this case, the first complaint) does not seek relief against the defendant in the second proceeding or amended complaint. *See id.* ("The requirement that the alternative proceeding apprise the defendant of the nature of the claim and the plaintiff's intent to litigate has led several courts to conclude that, where the first proceeding does not seek relief against the defendant in the second proceeding, equitable tolling does not apply."); *see, e.g.*, *Garabedian v. Skochko*, 232 Cal. App. 3d 836 (1991); *Thompson v. California Fair Plan Assn.*, 221 Cal. App. 3d 760 (1990); *Dowell v. County of Contra Costa*, 173 Cal. App. 3d 896 (1985).

In some circumstances, however, courts apply equitable tolling where defendants were not parties to prior actions but clearly had notice of the likely claims against them before the statute of limitations expired. *Apple Valley*, 98 Cal. App. 4th at 955–56. For example, in *Stalberg v. Western Title Ins. Co.,* 27 Cal. App. 4th 925 (1994), the court permitted equitable tolling where the defendants were not parties to the first lawsuit but partially financed it, received frequent updates on it from plaintiffs' attorneys, and were notified by plaintiffs that they had learned of their culpability during the litigation. In *Structural Steel Fabricators, Inc. v. City of Orange,* 40 Cal. App. 4th 459 (1995), the court permitted equitable tolling where the defendant in the second lawsuit had not been a party to the first but had received a letter from the plaintiff informing it of the lawsuit and stating that it might also be liable.

Grewal suggests that, based on the circumstances surrounding her arrest, the close relationship between the Patio and the original defendants to her lawsuit, and her efforts to seek evidence from the Patio to support this litigation, the Patio had notice of her intent to litigate. But it is not sufficient for Grewal to allege that the Patio should have known that she intended to litigate against someone, and Grewal has not pleaded facts sufficient to show that the Patio had notice of her intent to litigate *against it*. Accordingly, Grewal has not pleaded facts sufficient to

show the first requirement of equitable tolling.

## CONCLUSION

For the foregoing reasons, the Court grants the Patio's motion to dismiss. Grewal may file an amended complaint within 21 days of this order.

**IT IS SO ORDERED.**

Dated: March 4, 2025

P. Casey Pitts
United States District Judge